## THE STATE v. BANKS.

CRIMINAL LAW.—*Instructions.*—In a criminal action, where there is no evidence, or none upon a particular point, upon which a conviction can be based, the court has a right to say so and direct the jury to find the defendant not guilty.

SAME.—*Larceny.*—*Adultery.*—An instruction, according to the facts, was correctly given by the court to the jury, on the trial of the defendant on an indictment for larceny, as follows: "It appearing from all the evidence in the case that the goods were taken by the defendant with the consent of the owner's wife, under an agreement with her that he was to dispose of the same and account for the proceeds to her, and there being no evidence tending to show that there was any adulterous intercourse, actual or contemplated, between the defendant and said wife, you will return a verdict of not guilty."

From the Benton Circuit Court.

*J. C. Denny,* Attorney General, and *S. P. Thompson,* Prosecuting Attorney, for the State.

BUSKIRK, C. J.—The appellee was indicted in the court below for grand larceny. The indictment charged that the defendant, on the 10th day of October, 1871, unlawfully and feloniously did steal, take, and drive away two horses, one mare, one colt, one wagon, one set of harness, and one grindstone, the personal goods of John Hensicker.

The issue formed upon the plea of not guilty was submitted to a jury for trial, which resulted in a verdict of not guilty.

The court instructed the jury as follows: "It appearing, from all the evidence in the case, that the goods were taken by the defendant with the consent of the owner's wife, under an

agreement with her that he was to dispose of the same and account for the proceeds to her, and there being no evidence tending to show that there was any adulterous intercourse, actual or contemplated, between the defendant and said wife, you will return a verdict of not guilty."

To the giving of this instruction, the State, by her prosecuting attorney, excepted, and now prosecutes this appeal, to obtain the opinion of this court as to whether the instruction was correct.

It is insisted by the counsel for the State that the instruction was erroneous, upon two grounds :

1. That it misdirected the jury as to the law applicable to the case.

2. That, conceding the instruction properly expressed the law, the court erred in giving it, because it usurped the functions of the jury.

In Hawk. P. C., lib. 1, chap. 33, sec. 32, the law is stated thus :

"It is certain that a *feme covert* may be guilty thereof by stealing the goods of a stranger, but not by stealing her husband's, because a husband and wife are considered but as one person in law ; and the husband by endowing his wife at the marriage, with all of his worldly goods, gives her a kind of interest in them; for which cause even a stranger can not commit larceny in taking the goods of the husband by the delivery of his wife, as he may by taking away the wife by force and against her will together with the goods of the husband."

In *Regina* v. *Featherstone,* Dearsly, 369 ; S. C., 6 Cox C. C. 376, and 2 Ben. & H. Leading Cases, 362, Lord Campbell said :

"The general rule of law is, that a wife can not be found guilty of larceny for stealing the goods of her husband, and that is upon the principle that the husband and wife are, in the eye of the law, one person ; but this rule is properly and reasonably qualified when she becomes an adulteress. She thereby determines her quality of wife, and her property in her husband's goods ceases."

We have made a careful examination of the authorities, and they very clearly establish the following propositions:

1. The wife can not be guilty of stealing the goods of her husband, she residing with him and having the possession of the goods by virtue of the marriage relation.

2. When adultery is neither committed nor intended, a person is not guilty of larceny in aiding a wife in taking away her husband's goods.

3. Where adultery has been committed or intended, the adulterer may be convicted of receiving the goods of the husband from the wife, or in aiding the wife in carrying away the goods of the husband.

4. Where an adulterer takes goods jointly with the wife, he may be guilty of larceny.

5. Where the wife alone takes property of the husband to her adulterer's lodgings, he can not be convicted on mere evidence that the property is in his lodgings.

6. An adulterer is not guilty of larceny if he merely assist the adulteress in carrying away her necessary wearing apparel.

It is not necessary for us to lay down as law, that, supposing a stranger stole the goods of the husband, and the wife was privy to it and consenting, such privity and consent would, if there was *animus furandi* in the stranger, exonerate him from what would otherwise be larceny. Nor do we express any opinion as to whether a wife, who has become an adulteress, and carries away the goods of the husband or assists her paramour in carrying away the goods of the husband, may not be convicted of larceny. See 2 Bishop Crim. Law, secs. 873, 874; Whart. Crim. Law, secs. 1803 to 1806; and 2 Ben. & H. Lead. Cases, 358 to 370, where the leading English and American cases are cited and reviewed.

We think the instruction was correct as matter of law. Besides, the appellee was the brother of the wife, and the entire transaction shows that there was no felonious purpose at the time the property was taken away.

A court in charging a jury has no right to assume the guilt of the accused, or that a fact has or has not been proved, or

to express any opinion or manifest a leaning upon evidence which should be submitted to the jury; but when there is no evidence, or none upon a particular point, upon which a conviction could be based, the court has a right to say so, and direct the jury to find the defendant not guilty. This was such a case.

The court committed no error in giving the instruction complained of.

The judgment is affirmed.