## LAMPHIER *v.* THE STATE.

CRIMINAL LAW.—*Verdict of Guilty on one Count Acquits on the Other Counts.—Supreme Court will Consider only that Count.*—Where, on the trial of a defendant on an indictment containing several counts, the verdict is against him on a particular count, and silent as to the others, he is thereby acquitted on the latter; and the Supreme Court, on appeal by him, will consider his motion to quash the indictment as applicable only to the count upon which he was found guilty.

SAME.—*Indictment for Larceny.*—An indictment for larceny charged that the defendant, on, etc , at, etc., "divers articles of personal property, gold and silver coins, national bank notes, and United States treasury notes, commonly called 'greenbacks,'" each and all particularly described and the values thereof alleged, and all of a certain aggregate value, "of the personal goods and property of one" W. S., "then and there being found, did feloniously take, steal and carry away, contrary," etc. *Held* sufficient, on motion to quash.

SAME.—*Compelling State to Elect.—Supreme Court.—Judicial Discretion.*—The ruling of the trial court, on a motion to compel the State to elect on which count of an indictment she will prosecute, will not be reviewed by the Supreme Court.

Lamphier v. The State.

SAME.—*Exclusion of Evidence.—New Trial.—Assignment of Error.*—Error in the exclusion of evidence is ground for a new trial, and can not be assigned as independent error, in the Supreme Court.

SAME.—*Qualifications of Juror.—Trial by Juror not Qualified.—New Trial.*—Under section 1 of the act of March 8th, 1873, 2 R. S. 1876, p. 31, a qualified voter, who is neither a freeholder nor householder, of the county, is not competent to sit on a jury. And where, on his *voir dire*, such juror misleads the court and parties as to such qualifications, and is accepted as a juror, the defendant is entitled to a new trial.

SAME.—*Instruction —Larceny.—Taking of Husband's Property by his Wife and Another.*—In a prosecution for the larceny of the property of S., the court instructed the jury, that "if the defendant, * * *acting conjointly with the wife of S.*, pursuant to an agreement previously made between them to take the property of S. or of others in S.'s possession, took possession of the property, removing it from where S. had left it, and carried it away with the intention of defrauding the owner, whether S. or another, and of converting the property to the use of the defendant * * * and the wife, then the defendant is guilty of larceny."

*Held*, that the instruction was erroneous.

From the Jennings Circuit Court.

*W. B. Hagins* and —— *Hagins*, for appellant.

*T. W. Woollen*, Attorney General, for the State.

Howk, J.—In this case, the indictment charged, in substance, in the third count thereof, that the appellant, Amanda Lamphier, on the 29th day of July, 1878, at Jennings county, Indiana, divers articles of personal property, gold and silver coins, national bank notes, and United States treasury notes, commonly called "Greenbacks," each and all particularly described and the values thereof alleged, and all of the aggregate value of $976.40, of the personal goods and property of William Siddell, then and there being found, did feloniously steal, take and carry away, contrary to the form of the statute, etc.

The indictment contained four counts. The appellant's motion to quash the indictment was overruled by the court, and to this ruling she excepted; and, on arraignment, her plea was that she was not guilty as charged in the indictment. The cause was tried by a jury, and a verdict was returned

finding the appellant guilty as charged in the third count of the indictment, and that she be imprisoned in the penal department of the female prison, for the term of six years, and be fined in the sum of one cent. The appellant's motion for a new trial having been overruled and her exception entered to this ruling, the court rendered judgment upon and in accordance with the verdict, from which judgment this appeal is now prosecuted.

The following decisions of the circuit court are assigned as errors, by the appellant, in this court:

1. In overruling her motion to quash the indictment;

2. In overruling her motion to compel the State to elect on which count of the indictment it would go to trial and offer evidence;

3. In excluding the evidence offered by her, as set out in the first cause for a new trial; and,

4. In overruling her motion for a new trial.

We will consider and decide the several questions arising under these alleged errors, in the order of their assignment.

1. In their verdict, the jury found, as we have seen, that the appellant was guilty as charged in the third count of the indictment; but, as to the other counts, the verdict was entirely silent in regard to the guilt or innocence of the appellant of the felonies charged therein. It has been held by this court, that such a verdict, as to those counts of the indictment not mentioned therein, is equivalent to an express verdict that the defendant is not guilty of the felonies charged in such counts. *Weinzorpflin* v. *The State*, 7 Blackf. 186; and *Bittings* v. *The State*, 56 Ind. 101. In this court, therefore, we may properly regard the third count of the indictment as the only indictment against the appellant; and as she was, in legal effect, acquitted below of the felonies charged in the first, second and

fourth counts of the indictment, it seems to us that we need not waste our time and labor in attempting to determine whether or not the court had erred in overruling the motion to quash these counts, or either of them. For, if it were conceded that the court had erred in overruling the motion to quash the first, second and fourth counts of the indictment, or either of them, such error would not be available for the reversal of the judgment below. Upon the record of this cause, filed in this court, the only question presented for our decision by the alleged error of the court below, in overruling the motion to quash the indictment, is this : Is the third count of the indictment sufficient in law to withstand said motion to quash ? If this third count is sufficient, then it is clear, we think, that the court committed no error in overruling the motion to quash the indictment.

We have given a summary of the facts stated in the third count of the indictment ; and we are clearly of the opinion, that the appellant's motion to quash the indictment was correctly overruled, as to said third count thereof. It is not claimed, nor does it appear on the face of the third count, that the grand jury had no legal authority to inquire into the offence charged therein ; and certainly it does not appear that the facts stated therein do not constitute a public offence, or that the third count contains any matter which, if true, would constitute a legal justification of the offence charged, or other legal bar to the prosecution. None of these matters appearing on the face of the third count of the indictment, the court was authorized, we think, under the provisions of section 101 of the criminal code, to overrule the motion to quash the indictment. 2 R. S. 1876, p. 399 ; *Jarrell* v. *The State,* 58 Ind. 293.

2. The second error complained of is, that the court refused to compel the State to elect on which count of the

indictment it would go to trial and offer evidence. The law is settled in this State, that this is a matter wholly within the discretion of the trial court, and that the action of that court, on such a motion, will not be reviewed in this court. *Bell* v. *The State*, 42 Ind. 335; *Mershon* v. *The State*, 51 Ind. 14; and *Snyder* v. *The State*, 59 Ind. 105.

3. The third alleged error is purely and simply a cause for a new trial, and as such it is not assignable, in this court, as an independent error; and, when thus assigned, it presents no question for our decision. This point of practice must be regarded as settled by the decisions of this court. Buskirk Practice, 126, and cases cited; *Freeze* v. *DePuy*, 57 Ind. 188; and *Walls* v. *The Anderson, etc., Railroad Co.*, 60 Ind. 56.

4. In her motion for a new trial, the appellant assigned a large number of causes therefor. Without setting out at length these causes, we will consider and decide the important questions presented and discussed by the appellant's counsel, which fairly arise under the alleged error of the court, in overruling her motion for a new trial. The third cause assigned for a new trial was in substance this: That Samuel McIlroy, one of the jurors of the jury which tried this cause, was not a competent juror, under the law, in this, that he was neither a householder nor a freeholder of said Jennings county, at the time of his service as such juror. In section 1 of "An act to prescribe the qualifications of petit jurors in the several courts of this State," approved March 8th, 1873, which act was then and still is in force, it was and is provided " That any person who is either a householder or freeholder and a qualified voter, in any county of this State, shall be qualified to serve as a petit juror in any court in such county in which such person shall be such householder or freeholder and qualified voter." Acts 1873, p. 159 ; 2 R. S. 1876, p. 31. It is clear, we think, from the record of this cause, that Samuel

McIlroy, although a qualified voter, was neither a householder nor a freeholder of said Jennings county, and that he was not, therefore, under the law, a competent juror for the trial of this cause. Before the jury were sworn to try the cause, the record shows that the jurors, including said McIlroy, were severally examined on oath, under the direction of the court, in relation to their respective qualifications as such jurors, and especially as to whether or not they were either householders or freeholders of said Jennings county. It seems to us from our examination of the record, that the answers of said McIlroy to the questions asked him, from his own mistaken views of his qualifications as a juror, were well calculated to and did mislead and deceive both the court and the counsel engaged in the trial of the cause. The appellant was entitled, under the law, to a trial of her cause by a jury of competent jurors. McIlroy was neither a householder nor a freeholder of said Jennings county, and therefore he was not a competent juror for the trial of this cause; but he was accepted as a juror by the appellant and her counsel, without fault or negligence on her or their part, and in ignorance at the time of his incompetency. All these facts are clearly and fairly shown by the record of this cause; and, therefore, we think it can not be correctly said, that the appellant waived her objection, or her right to object, to the competency of said McIlroy, as a juror, or that she consented to the trial of her cause by an incompetent juror. *Rice* v. *The State*, 16 Ind. 298; *Croy* v. *The State*, 32 Ind. 384; and *Hudspeth* v. *Herston*, 64 Ind. 133.

We are of the opinion, that this third cause for a new trial was well assigned, and that, for this cause, the appellant's motion therefor ought to have been granted.

The eighth cause for a new trial, assigned by the appellant, was error of the court in giving the jury, of its own motion, instructions numbered from one to ten, inclusive.

Of these instructions, the appellant's counsel complain, in argument, of that part of the fourth instruction wherein the jury were told that "if the defendant alone, or acting conjointly with the wife of Siddell, pursuant to an agreement previously made between them to take the property of Siddell or of others in Siddell's possession, took possession of the property, removing it from where Siddell had left it, and carried it away with the intention of defraud-ing the owner, whether Siddell or another, and of convert-ing the property to the use of the defendant, or to the use of herself and the wife, then the defendant is guilty of larceny."

The Siddell referred to in this instruction is manifestly the same William Siddell whose personal goods and prop-erty the appellant is charged, in the third count of the in-dictment, to have feloniously stolen, taken and carried away. It seems to us, that the court clearly erred in giv-ing the jury the part, above quoted, of the fourth instruc-tion, in so far, at least, as it told the jury, that if the appel-lant and the wife of said Siddell, acting conjointly * pursu-ant to an agreement previously made between them to take the property of said Siddell, or of others in his possession, took possession of said property, removed it from where said Siddell had left it, and carried it away with the inten-tion of defrauding the owner, whether said Siddell or another, and of converting said property to the use of the appellant and of the wife of said Siddell, then the appellant was guilty of larceny. In this instruction, the jury were told virtually, that the appellant was guilty of a larceny, even though it might appear that she had not feloniously taken and carried away the goods, or that she had not con-verted said goods to the use of herself and the wife of said Siddell, without his consent and against his will. In other words, the instruction is entirely silent in regard to the felonious intent, or to the *animus furandi*, which was abso-

lutely indispensable to the crime of larceny, under our law. *Keely* v. *The State*, 14 Ind. 36; *Hart* v. *The State*, 57 Ind. 102; and *Umphrey* v. *The State*, 63 Ind. 223.

It is the law, we think, that the wife of Siddell could not, upon the facts stated in the above quoted instruction, be found guilty of larceny for the taking, removing and carrying away of her husband's personal goods, with the intent stated in said instruction. The wife can not be guilty of larceny, for stealing the goods of her husband, when she lives with him and may be said to have possession of his goods, by reason of the marriage relation. *The State* v. *Banks*, 48 Ind. 197.

Such being the law in regard to the wife of Siddell, in the case put by the court in the above quoted instruction, we are of the opinion that the appellant, even if the felonious intent or *animus furandi* had been imputed to her, could not be found guilty of a larceny, for acting conjointly with the wife of said Siddell, in taking, removing and carrying away the personal goods of said Siddell, with the intent expressed in said instruction. The court erred, we think, in giving said instruction to the jury; and, for this error of law, the motion for a new trial ought to have been sustained.

The appellant's counsel have elaborately discussed the question of the sufficiency of the evidence to sustain the verdict. But, as the conclusions we have reached upon some of the points already considered will lead to the reversal of the judgment below, and perhaps to a new trial, it is unnecessary, and it may be improper, for us to consider now and pass upon the question of the sufficiency of the evidence. Some other alleged errors of law, occurring at the trial, have been complained of in argument, by the appellant's counsel; but, as these supposed errors may not occur again, upon a new trial of the cause, we do not now consider them.

For the reasons given, we think that the court clearly erred in overruling the appellant's motion for a new trial.

The judgment is reversed, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion. The clerk of this court will issue the proper notice for the appellant's return to the sheriff of Jennings county.