No. 16,818.

HARLAN v. THE STATE.

CRIMINAL LAW.—*Failure to Prove.*—*Venue.*—*Verdict Not Sustained by the Evidence.*—In order that the verdict of guilty in a criminal action may be sustained by the evidence, there must be evidence tending to prove the same, and from which such fact can be found.

SAME.—*Harmless Error.*—*Overruling Motion to Quash Indictment.*—The overruling of a motion to quash an insufficient count of an indictment amounts to only harmless error where, by the verdict, the defendant is acquitted of the charge in such court.

SAME.—*Burglary.*—*Quære,* does an indictment for burglary charging one with the breaking into and entering a saloon building come within the statute designating such offense?

SUPREME COURT PRACTICE.—*Brief.*—Counsel, in preparing his brief, should, in referring to matter in the record, give the lines and pages of the record where such matter may be found.

From the Tipton Circuit Court.

*G. H. Gifford, J. M. Fippen* and *C. H. Gifford,* for appellant.

*D. A. Woods* and *A. G. Smith,* Attorney-General, for the State.

OLDS, J.—The appellant was indicted in this cause for a felony, and was tried, found guilty, and sentenced to imprisonment in the county jail, and he prosecutes this appeal, assigning several errors.

The indictment was in two counts, the first charging, or attempting to charge, burglary, charging the breaking and entering into a "saloon building." The second count properly charged the defendant with the crime of petit larceny.

The appellant moved the court to quash the first count of the indictment, which motion was overruled, and he excepted, and assigns this ruling as error.

There was a trial by jury, and the jury returned a ver-

dict of ''guilty as charged in the second count of the indictment,'' and assessed the punishment at imprisonment for five months in the county jail, a fine of twenty-five dollars, and disfranchisement for one year.

Appellant filed a motion for a new trial, which was overruled, and he excepted, and this ruling is assigned as error.

The first alleged error discussed relates to the overruling of the motion to quash the first count of the indictment.

Counsel for appellant contend that the count does not describe any such building as the statute makes it burglary to break and enter: The statute designating what shall constitute the crime of burglary, describes certain buildings, specifically naming them, which, if any person breaks and enters into in the night time, with intent to commit a felony, he shall be guilty of burglary, and it is contended that a ''saloon building'' does not come within the definition of any of the buildings named in the statute.  And we think it may very properly be questioned whether the description in the indictment of the building alleged to have been entered by the appellant does come within the definition of any of the buildings described in the statute.  It is claimed by the counsel for the State, that a ''saloon building'' is a ''storehouse'' or ''warehouse,'' which are designated in the statute, but the definitions given by lexicographers of the words ''storehouse'' and ''warehouse'' do not, in their terms, include ''saloon buildings.''

The trial resulting in a verdict of guilty of the crime charged in the second count of the indictment, was, in effect, a finding that the defendant was not guilty as charged in the first count, hence it is immaterial to determine and pass upon the question as to the sufficiency of the first count; for if the court erred in the overruling

Harlan *v.* The State.

of the motion to quash the first count, it was a harmless error, for which the judgment will not be reversed; but, in passing, we think it will not be amiss to say that it would be well for prosecutors, in drafting indictments charging a crime under a statute, to give some heed to the statute. In this instance the statute is no doubt broad enough to include almost any kind of a building into which parties may enter in the night time with intent to commit a felony, if it is properly described, with a view of bringing it within the statute.

The next alleged error discussed is, that the verdict is not supported by the evidence, for the reason that there is no proof of the venue.

This objection we find to be well taken. It is necessary, to support a conviction in a criminal case, that there be proof of the venue. It may not be necessary to prove the venue by direct questions and answers showing in what county and State the felony was committed, but there must be some evidence tending to support such fact, and from which the fact may be found. The direct question as to what county and State it was in which the property alleged to be stolen was situate and taken from, or a question, while not in this language, was fairly intended to elicit this fact, was asked one witness, but it was not answered; and, aside from this, there was no questions asked in relation to the venue, nor was there any evidence given tending to prove the venue. Witnesses were asked as to their place of residence, and they answered, Sharpsville, but such testimony in no way tended to prove the venue.

It is not even shown where the building in which the goods were located and taken from was situated. It is shown, that the prosecuting witness was keeping a saloon; that he lived at Sharpsville; that he owned the building in which he was keeping a saloon, but whether that

Harlan *v.* The State.

building was situate in Sharpsville or some other town in this State, or some other State, is not shown by any evidence.

If, in the examination of the witness, there had been a studious effort on behalf of counsel to have avoided proving the venue, they could have scarcely come further from it.

Counsel, who briefed the case for the State, does not point out, or attempt to point out, any evidence tending to prove the venue, but contents himself by saying, that "If this court will read the evidence taken in this cause, it will be plainly seen that the crime was committed in Sharpsville, Tipton county, Indiana," and a few other general statements.

This kind of a brief, on a question of this character, amounts to no brief at all.

If there is any evidence in the record tending to prove the venue, it is the duty of counsel to refer to it in his brief, giving the lines and pages of the record where such evidence may be found.

We have, however, read the evidence sufficiently to be satisfied that there is no evidence establishing the venue in the cause, and for this reason the court erred in overruling the motion for a new trial.

The judgment is reversed, with instructions to the court below to sustain the motion for a new trial.

Filed April 28, 1893.