# Lucas v. The State of Indiana.

[No. 21,512. Filed January 7, 1910.]

1. TRIAL.—*Verdict on One Count.—Rulings Upon Others.*—Where the verdict rests upon one count of an indictment, rulings upon other counts are harmless. p. 304.

2. INDICTMENT AND INFORMATION.—*Heavy Hauling upon Macadam and Gravel Roads.—Duplicity.*—An affidavit charging that defendant hauled an excessive load over "a certain macadam road and gravel road in said county and State, known as road No. 1 of the J. D. Thompson gravel road system, running from the town of Owensville in said county west toward the Wabash river," is not bad for duplicity, such charge evidently describing a single road. p. 304.

3. CRIMINAL LAW.—*Former Jeopardy.—Overruling of Plea of.—Harmless Error.*—Evidence of a former jeopardy being admissible under a plea of not guilty (§2069 Burns 1908, Acts 1905, p.

584, §198), the overruling of a special plea thereof constitutes harmless error. p. 304.

4. EVIDENCE.—*Notice.—Heavy Hauling Over Improved Highways.*—Evidence that defendant was notified or warned not to haul heavy loads over a certain improved road, at a certain time, is admissible as showing an aggravated offense, but where the jury assessed the lowest fine, the admission of such evidence, even if erroneous, was harmless. p. 305.

5. EVIDENCE.— *Admission Without Objection.— Remedy.*— Where incompetent evidence is introduced without objection, the proper remedy is to move to strike out. p. 305.

6. EVIDENCE.—*Objections to.—Changing of, on Appeal.*—On appeal, only those objections to the admission of evidence offered at the trial, will be considered. p. 306.

7. EVIDENCE.— *Condition of Improved Highway.— Superintendent.*—A sperintendent of the construction of an improved highway is competent to testify as to the condition of such highway on a certain day, upon seeing one end thereof. p. 306.

8. EVIDENCE.—*Condition of Highway.— Nonexperts.*— Nonexpert witnesses are competent, after describing the condition of a certain improved highway, to testify to the effects of hauling a wagon thereover weighing 3,200 pounds, and with tires one and three-fourths inches wide. p. 307.

9. TRIAL.—*Instructions.—Not in Record.—Appeal.*—No question can be raised on appeal, upon instructions in a criminal case, unless they are brought into the record by a bill of exceptions. p. 307.

10. APPEAL.—*Weighing Evidence.—Heavy Hauling on Improved Highway.*—Evidence that defendant hauled over a certain improved highway, while it was wet and sloppy, a load of corn weighing, with the driver, 3,360 pounds, the wagon having tires one and three-fourths inches wide, supports a verdict of guilty on a charge of heavy hauling over an improved highway. p. 307.

From Gibson Circuit Court; *M. W. Fields,* Special Judge.

Prosecution by The State of Indiana against Arthur Lucas. From a judgment of conviction, defendant appeals. *Affirmed.*

*Byron M. Johnson* and *Harvey Harmon,* for appellant.

*James Bingham,* Attorney-General, *E. M. White, A. G. Cavins* and *W. H. Thompson,* for the State.

MONTGOMERY, J.—Appellant was convicted before a justice of the peace of heavy hauling over a macadam and

gravel road, in violation of the provisions of the act of 1907 (Acts 1907, p. 445, §2313 Burns 1908). He appealed to the circuit court, in which two additional counts were filed. Appellant's motion to quash was sustained as to the second and overruled as to the first and third counts. A trial by jury resulted in a second conviction.

Errors have been assigned upon the overruling of appellant's motion to quash the first count of the affidavit, and also in allowing the same to be reinstated after it had 1. been withdrawn by the State's attorney. The verdict was rested wholly upon the third count, as the record discloses, which amounted to an acquittal upon the first count, and hence these alleged errors were manifestly harmless. *Knox* v. *State* (1905), 164 Ind. 226, 108 Am. St. 291.

It is charged that the court erred in overruling appellant's motion to quash the third count of the affidavit. The statute forbids heavy hauling over any turnpike, mac- 2. adam or gravel road, while the same is in a condition to be cut up and injured thereby. The third count charged appellant with hauling an excessive load over ''a certain macadam road and gravel road in said county and State, known as road No. 1 of the J. D. Thompson gravel road system, running from the town of Owensville in said county west toward the Wabash river.'' It is contended that this count charges two offenses, to wit, hauling over a certain macadam road and a certain gravel road, and is accordingly bad for duplicity. This contention cannot be sustained. It appears clear to us that but one road is described, and but one offense charged; and as no other objection to the affidavit was suggested, we think the motion to quash was rightly overruled.

In the circuit court the prosecuting attorney withdrew the first count of the affidavit upon which appellant had been tried and convicted in the justice's court, whereupon 3. appellant filed a plea of former jeopardy and asked to be discharged. His plea was overruled, and this

ruling is assigned and urged as erroneous. We need not discuss the sufficiency of this plea, inasmuch as it is apparent that appellant could not have been harmed by the action of the court of which complaint is made, since the defense of former jeopardy was provable under a plea of not guilty. §2069 Burns 1908, Acts 1905, p. 584, §198; *Williams* v. *State* (1907), 169 Ind. 384.

The overruling of appellant's motion for a new trial has been assigned as error. The prosecuting witness, Thomas J. Boren, was permitted to testify that, two or three weeks before the date of the alleged offense for which appellant was on trial, he had warned him not to haul heavy loads over the improved roads, and complaint is made of this action. Boren was superintendent of the road in question, and if, after warning from him, appellant committed the offense of which he was accused, this fact was admissible as tending to show a wilful disregard of the law, and an aggravated offense justifying the assessment of a heavier penalty. The jury, however, assessed the lowest fine authorized under the law, so that if appellant was guilty under the evidence this item of testimony plainly did not harm appellant, even though it had been erroneously admitted.

Appellant was charged with having hauled an excessive load over the road on February 18, 1909; and in the motion for a new trial it is alleged that the court erred in permitting Thomas Emerson to testify as to the condition of the road in question on February 19, after having testified that rain had fallen on the night of February 18, that it was snowing on the morning of February 19, and that he had not been on this road on February 18. The record shows that the witness testified, without objection, that on February 19 he traveled over two miles of the road involved, and that water was then standing along the road. Appellant's counsel then stated that since the witness was

not along the road on the date of the alleged offense he did not think the evidence was competent. No motion was made to strike out any part of the testimony given and no objection was made to the competency of any question propounded to this witness. In this state of the record, no question was saved for review by this court. *Swygart* v. *Willard* (1906), 166 Ind. 25; Ewbank, Indiana Trial Ev., §258.

Henry Mauck, a witness for the State, was asked whether the road mentioned was, on February 18, in a condition to be damaged by a load weighing from 2,800 to 3,000 pounds, with a wagon having tires less than three inches in width. Appellant objected, on the ground that the witness had not been over the road on the day named, and was not sufficiently qualified as an expert to give an opinion whether the road would be injured. The question is not commended or approved, but appellant, on appeal, can only avail himself of such specific objections as were stated to the trial court prior to the ruling of which complaint is made. *Malott* v. *Central Trust Co.* (1907), 168 Ind. 428.

The witness testified that he had been superintendent during the construction of the road, knew how it was built, when it was completed, and its general condition; that on February 18 he was on the streets of Owensville, where the road terminated; that said streets were improved in the same manner as the road, and, on account of both rain and snow, were very sloppy. The objections stated were properly overruled. We may add the answer of the witness, which was as follows: "Well, I cannot say whether that would injure the roads or not. The roads were in that sloppy condition, I do not know how much it would take to injure them." Appellant could have little cause to complain of this answer, if the question were concededly improper.

The witnesses George W. Johnson and Warrick John-

son were asked whether a wagon with tires an inch and three-quarters wide, loaded with corn, the combined weight of the wagon and corn being 3,200 pounds, would, on the date alleged, damage the road mentioned. The only objection stated was that the witnesses had not sufficiently qualified themselves as experts on rock roads to give an opinion. These witnesses were manifestly not called upon to express opinions as experts upon a hypothetical state of facts, but were testifying concerning a matter within their own knowledge, and basing their opinion upon facts detailed to the jury. Assuming, without deciding, that opinion evidence was admissible in this case, then the opinions of the witnesses upon the facts stated by them were properly allowed to go to the jury for whatever they might be worth. *Swygart* v. *Willard, supra.*

Appellant complains further of the giving of a certain instruction to the jury. The instruction complained of is not before us, for the reason that it has not been made a part of the record by bill of exceptions, which the law requires in criminal actions. *Heath* v. *State* (1910), *ante,* 296; *Ludwig* v. *State* (1908), 170 Ind. 648; *Williams* v. *State, supra; Donovan* v. *State* (1908), 170 Ind. 123.

Appellant further insists that the verdict is not sustained by sufficient evidence, on the particular ground that no evidence was produced showing that the road was in a condition to be cut up and injured by the load hauled by him. On February 18 appellant hauled over the road a load of corn, in a wagon with double sideboards and tires one and three-quarter inches in width. The weight of wagon, corn and driver was about 3,360 pounds. There was evidence that the ground was thawing from the bottom, and was soft, wet and sloppy on the surface from rain and snow, and that water was standing in the wagon ruts along the road. It is clear that there was not a total absence of evidence on this point; but the evidence was sufficient to war-

rant the jury, in the exercise of its judgment, to find appellant guilty as charged, and hence to preclude us from disturbing the verdict on the ground of insufficient evidence. No error is made to appear in overruling appellee's motion for a new trial.

The judgment is affirmed.