HAMILTON v. STATE OF INDIANA.

[No. 29,558. Filed October 23, 1957.]

*N. George Nasser,* of Terre Haute, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

ARTERBURN, C. J.—The appellant was charged in the court below in two counts with the crime of assault and battery-sex, on a child of the age of twelve years. He was tried by the court without a jury. The court found the appellant guilty merely of assault and battery. The appellant directed a motion to quash against the affidavit on the grounds that each of the counts did not state the offense with sufficient certainty. Appellant's contention in that regard was concerned with the language of the second portion of the statute that per-

tains to the sex characteristics of the offense alone. The statute reads as follows:

"Assault and battery.—Whoever in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery, and on conviction, shall be fined not more than one thousand dollars ($1,000), to which may be added imprisonment in the county jail not exceeding six (6) months: Provided, That whenever in the commission of the offense any person removes, tears, unbuttons, unfastens, or attempts to remove, tear, unbutton, or unfasten any clothing of any child of the opposite sex or fondles or caresses the body or any part thereof of such child who is of the age of 16 years or under, with the intent to gratify the sexual desires or appetites of the offending person or, under circumstances which frighten, excite, or tend to frighten or excite such child, the punishment shall be imprisonment in the Indiana state prison for a period of time of not less than one (1) year nor more than five (5) years." Acts 1951, ch. 277, §1, p. 825, being §10-403, Burns' 1956 Replacement.

It is to be noted the statute is in two parts; the first part defines simply assault and battery. The second part with additional averments converts an assault and battery into a sex offense and fixes a separately stated penalty and punishment therefor. The appellant was not convicted under the latter section of that statute upon which he predicates alleged error in the overruling of a motion to quash. It is well settled that errors, if any, in holding a count of an indictment sufficient, are harmless to an accused where he is acquitted on that particular count. *Lucas* v. *State* (1910), 173 Ind. 302, 90 N. E. 305; *Knox* v. *State* (1905), 164 Ind. 226, 73 N. E. 255; 3 Ann. Cas. 539; 108 Amer. St. Repts. 291; *Harlan* v. *The State* (1893), 134 Ind. 339, 33 N. E. 1102; *Lamphier* v. *The State*

(1880), 70 Ind. 317; *Dickinson* v. *The State* (1880), 70 Ind. 247.

The affidavit properly charged a lesser offense, namely, a simple assault and battery of which the appellant was convicted. The appellant makes no contention whatever that the charge of assault and battery was not included in the offense as alleged. Where an accused has been charged with a greater offense, but upon trial has been found guilty of a lesser included offense, he cannot complain of an erroneous overruling on a motion to quash directed to the greater offense if the lesser offense is properly charged. The alleged error is both harmless and moot on appeal.

Appellant further contends under the assignment in his motion for a new trial that the evidence is insufficient to support the court's finding of guilty of assault and battery. An examination of the evidence shows that there was a touching of the girl named in the affidavit by the appellant. It is elemental that any touching, however slight, may constitute an assault and battery. It is also true the touching of a female child under the age of consent to gratify sexual desires is an assault and battery, although she may consent to the touching. *Hanes* v. *State* (1900), 155 Ind. 112, 57 N. E. 704; *Gordon* v. *State* (1912), 177 Ind. 689, 98 N. E. 627; *Underhill* v. *State* (1921), 190 Ind. 558, 130 N. E. 225.

Appellant further urges that there is no evidence that the touching was done with the criminal intent stated in the statute and quotes from *Markiton* v. *State* (1957), 236 Ind. 232, 139 N. E. 2d 440 in support of that position. In that case we stated that criminal intent was an essential element of the crime, and that it was part of the *corpus delicti* that

must be proved by some independent evidence "other than that of the defendant's own statements or confessions" where the act itself is of such a nature that no evil intent may be inferred from it alone. The evidence as to the touching of the girl by the appellant related, among other things, to that of choking her. Such evidence was independent of any statement or confession made by the appellant. From the character of such "touching" the jury is entitled to draw an inference of the criminal intention of the appellant to commit an assault and battery. The credibility of the witnesses is for the jury to determine and is not an issue before this court on appeal.

On the last page of appellant's printed brief oral argument was asked. Under Rule 2-21 of this court, a separate petition must be filed therefor; otherwise the request is not promptly called to the attention of the court for setting upon the calendar. *Mattingly* v. *State* (1957), 236 Ind. 632, 142 N. E. 2d 607.

The judgment is affirmed.

Emmert, Bobbitt, Landis and Achor, JJ., concur.

NOTE.—Reported in 145 N. E. 2d 391.