ROBERT DILLEY v. VERA L. SCOTT, PAUL L. DYER, TIRE SERVICE COMPANY.

[No. 3-174A14. Filed December 10, 1975.]

*John S. Gonas*, of South Bend, for appellant.

*Harold T. Miller, Morris Rosen*, of South Bend, for appellee Scott; *Don G. Blackmond*, of South Bend, for appellees Dyer and Tire Service Company.

STATON, P.J.—The sole issue presented for review is whether the trial court erred when it denied Dilley's mid-trial motion for a continuance. We conclude that there was no error, and we affirm the judgment of the trial court.

Dilley's parked automobile was allegedly damaged as a result of the negligent, willful, and wanton conduct of Scott and Dyer.[1] Dilley's claim was originally tried in the Justice of the Peace court, and judgment was entered for the defendants. Dilley appealed to the St. Joseph Circuit Court. On July 9, 1973, trial was set for September 25, 1973.

At trial, Dilley was the only witness called. Dilley had no personal knowledge of the accident. The trial court sus-

---

1. Dyer was driving a truck owned by Tire Service Company. Allegedly, Scott's automobile and Dyer's truck collided and then struck Dilley's parked automobile. Dilley did not witness the collision.

tained an objection by the defendant's counsel, and Dilley's counsel moved for a continuance to subpoena other witnesses:

> "THE COURT: Sustained. He is going to have to testify to something of his own knowledge, or some witness is.
>
> MR. GONAS: Well, your Honor, at this time I would move for a continuance so we can get further witnesses because this is the only witness I have.
>
> THE COURT: If this is the only witness you have what do you need a continuance for.
>
> MR. GONAS: I will have to subpoena the other witnesses to this accident."

The trial court denied Dilley's motion for a continuance and entered judgment for the defendants.[2]

Trial Rule 53.4 of the Indiana Rules of Procedure governs the granting of a motion for a continuance:

> "Upon motion, trial may be postponed or continued in the discretion of the court, and shall be allowed upon agreement of all the parties or upon a showing of good cause established by affidavit or other evidence. . . . A motion to postpone the trial on account of the absence of evidence, can be made only upon affidavit, showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it; and where the evidence may be; and if it is for an absent witness, the affidavit must show the name and residence of the witness, if known, and the probability of procuring the testimony within a reasonable time, and that his absence has not been procured by the act or connivance of the party, nor by others at his request, nor with his knowledge and consent, and what facts he believes them to be true, and that he is unable to prove such facts by any other witness whose testimony can be as readily procured. . . ."

Dilley's counsel presented no affidavit or other evidence showing good cause for a continuance to secure the attendance of witnesses. He did not show the materiality of the testimony expected to be obtained; he did not state the names or residences of the witnesses or state that such information was unknown, and he did not state

---

2. Dilley also moved to withdraw his submission and the trial court denied this motion.

what the testimony of the witnesses would reveal. Dilley's counsel did not comply with TR. 53.4. The denial of the motion for a continuance was within the sound discretion of the trial court.

We cannot say that the trial court abused its discretion in denying Dilley's motion for a continuance. The trial date was set more than two months before trial.[3] After his experience in the justice of the peace court,[4] Dilley's counsel knew the limited extent of Dilley's knowledge of the accident. He also knew the names of other witnesses to the accident—the other parties to the lawsuit and the investigating police officer. Yet, he went to trial without issuing a subpoena for the attendance of any witness. *See Hambey* v. *Hill* (1971), 148 Ind. App. 662, 269 N.E.2d 394 (no abuse of discretion on similar facts).

Dilley's counsel suggested that there was a pre-trial agreement whereby the defendant's counsel agreed to supply documents and eyewitnesses in exchange for dismissal of one of the defendants. Dilley's counsel argues that the trial should have been continued because he was surprised and prejudiced by the absence of these allegedly promised witnesses. The defense counsel, however, denied any agreement to produce witnesses. The trial court apparently resolved this conflict against Dilley and found no surprise.

Unless there is a showing of prejudice, the decision of the trial court may not be overturned for an abuse of discretion. *Flick* v. *Simpson* (1969), 145 Ind. App. 698, 252 N.E.2d 508; *Freimann* v. *Gallmeier* (1945), 116 Ind. App. 170, 63 N.E.2d 150. Likewise, with a showing of surprise, there must also be a showing of prejudice. *King*

3. Trial was first set for May 8, 1973, but was continued on Dilley's motion.

4. In the trial before the justice of the peace, Dilley was the only witness called. When it became apparent that Dilley knew none of the facts of the accident, the judge suggested that Dilley's counsel should have called the investigating officer. Dilley's counsel at that time requested a continuance to call the investigating officer, but the motion was denied and judgment was entered for defendants.

v. *State* (1973), 260 Ind. 422, 296 N.E.2d 113. Dilley has made no showing of how he was prejudiced by the denial of the continuance.

The judgment of the trial court is affirmed.

Hoffman, J. and Garrard, J., concur.

NOTE.—Reported at 338 N.E.2d 296.