PATRICK J. HALLIGAN *v.* STATE OF INDIANA

[No. 3-777A161. Filed May 23, 1978.]

*James R. Beaver, Halleck & Beaver*, of Rensselaer, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *David Michael Wallman*, Deputy Attorney General, for appellee.

STATON, J.—Patrick J. Halligan was convicted of reckless driving and assault. He appeals, designating the following errors:

(1) Procedural irregularities constituted a denial of his right to a fair trial.

(2) The judgments of conviction are contrary to law.

(3) The judgments of conviction are unsupported by sufficient evidence.

(4) Hearsay evidence was admitted over the timely objection of Halligan.

(5) Halligan was denied a fair trial by misconduct of the Deputy Prosecutor and the Jasper County Probation Department.

After reviewing the above issues, we conclude that statutory assault is not necessarily a lesser included offense of statutory assault and battery, and we reverse the judgment of the trial court finding Halligan guilty of assault. We affirm the reckless driving conviction. The judgment of the trial court is therefore reversed in part and affirmed in part.

## I.

### Facts

Patrick Halligan stopped his car behind another car at a stop light. The other vehicle, driven by Ferdinand Seng, backed into Halligan's car before proceeding forward when the light turned green. Halligan was miffed; he followed the Seng car, intending to elicit an apology. Seng,

an eighteen-year-old college freshman, drove to an area behind a St. Joseph College dormitory. Halligan cut across a grassy area and positioned his car so that his window was adjacent to the driver's window on Seng's car. Halligan began opening his door and shouted to Seng, "I ought to slap the shit out of you, boy." Seng's passenger, Cindi Wood, said, "He's trouble," and Seng "floored it in reverse and then floored it to get out of the parking lot."

A high speed chase followed. Seng testified that Halligan drove behind him at speeds of 85 to 95 miles per hour and rammed the rear end of Seng's vehicle five times during the chase. The parties stipulated that there was no damage to the rear of Seng's car, however, and the trial court made a factual finding that there was no collision of the vehicles. Seng did lose control of his car while on the interstate, crossed over the median strip, spun around, and ended up in a ditch. No one was hurt. The Seng vehicle (owned by Wood) was repaired at a cost of $127.00. Halligan was charged with reckless driving and two counts of assault and battery. He was found not guilty on one count of assault and battery, and guilty on the reckless driving charge. The trial court then found Halligan guilty of assault which the judge believed was a lesser included offense of assault and battery.

## II.

### Procedural Irregularities

Halligan directs the attention of this Court to several procedural irregularities which, he asserts, constituted a denial of his right to a fair trial.

*A. Arraignment.*

Minute sheet entries for October 25, 1976, show that Halligan "waives formal arraignment and enters his plea of not guilty to the charges of reckless driving and assault and battery, counts I and II. Court being duly advised sets these matters for trial before the bench. . . ." The actual transcript of the arraignment reveals the following:

"THE COURT: Are any of the following individuals present? Patrick J. Halligan?

COURT REPORTER: He came in and pled not guilty to Betty out at the desk.

THE COURT: You can't do that. He did that tonight already?

COURT REPORTER: I just got a note on my desk saying he came and pled not guilty to Betty. Wasn't gonna come tonight.

THE COURT: Mr. Halligan came in today and pled not guilty. He didn't want a hearing. He just entered a plea of not guilty. Did you give him a trial date?

COURT REPORTER: No, I didn't. I wasn't here.

THE COURT: Alright, we[']ll make a minute sheet showing that he entered his plea of [not] guilty waiving formal arraignment and set a trial date for this matter.

COURT REPORTER: Wednesday or Friday afternoon?

THE COURT: On a Wednesday or Friday afternoon. That's correct."

Halligan claims that he had not intended to waive formal arraignment, and that the docket entry which reads "comes now defendant" is erroneous in that it implies that the waiver was in open court. Halligan offers several affidavits which tend to substantiate his allegation that his conversation with Betty, the court secretary, was not meant to constitute a waiver.

IC 1971, 35-4.1-1-1 (Burns Code ed.) provides that "[b]efore any person is tried for the commission of an offense he shall be called into open court, informed of the charge against him, and called upon to plead thereto." However, subsection (d) of the statute expressly states that "[i]f the defendant stand mute or refuses to plead to the indictment or information . . . a plea of not guilty shall be entered by the court." Because Halligan did not appear at the expected time and because he offers no reasonable explanation for his failure to so appear when called in court,[1]

---

1. Halligan does mention some discussion with the prosecutor's office regarding the case. However, Halligan's explanation does not suffice. Halligan was under bond to appear before the court, and nothing in the affidavits of the court personnel indicates that Halligan was misled about his discharging the duty to appear. Moreover, we note that Halligan had been arraigned before on other charges and was not completely naive regarding court procedures.

we do not believe that the trial judge committed error when he entered a plea of not guilty for Halligan. IC 1971, 35-4.1-1-1(d) (Burns Code Ed.) specifically addresses Halligan's situation:

"A judgment of conviction shall not be invalidated because of the failure of the record to show that the indictment or information was read to the defendant at arraignment or that the defendant entered a plea, unless the record shows that the defendant objected to entering upon the trial for lack of such arraignment or plea."

Halligan argues that his attorney, who was hired only the day before trial, was misled by the court docket and minute entries, had no access to the transcript of the arraignment proceedings, and thus failed to object. While we sincerely believe that the misunderstanding is regrettable, we have not been shown facts which demonstrate that the error deprived him of a fair trial.[2]

## B. Bifurcated Procedure.

Halligan's attorney requested a continuance on the day of trial. He stated to the court that Halligan had only retained his services the day before and that, although he had worked on the case all night, he did not feel that he was prepared to present a competent defense for Halligan. Noting that the trial date, December 15, 1976, was set in October, 1976, the trial court denied the continuance. The court did offer the defense attorney the option of presenting the defendant's case at a later date. After the State presented its case, Halligan accepted the opportunity for a bifurcated proceeding; and Halligan presented his defense on January 19, 1977.

Denial of a motion for a continuance is reviewed for abuse of discretion. There must be a showing of prejudice before the trial court's decision is overturned. Dilley v. Scott (1975), 167 Ind. App. 177, 338 N.E.2d 296. We have been shown no such abuse or prejudice. The bifurcation of Halligan's trial was irregular. However,

---

2. While we recognize the fact that Halligan was tried before the court and did not have the benefit of a jury trial, we believe that error is harmless beyond a reasonable doubt. Larimer v. State (1975), 163 Ind. App. 673, 326 N.E.2d 277. Halligan admitted, and passengers and prosecuting witnesses confirmed, facts sufficient to support a conviction for reckless driving, and we have reversed the conviction for assault.

Halligan accepted it at the time; and, it was offered solely for his benefit. Halligan's attorney conducted detailed cross-examination of the State's witnesses, and Halligan was free to call witnesses during his portion of the trial. We perceive no error in the denial of the continuance.

III.

Contrary to Law

Halligan maintains that the convictions on both charges were contrary to law. He focuses upon certain findings of the trial court, and he posits that the findings demonstrate that the court erroneously looked into the minds of the victims, rather than to the actions of Halligan, to substantiate the convictions.

*A. Reckless Driving.*

IC 1971, 9-4-1-54(c), Ind.Ann.Stat. § 47-2001 (Burns Code Ed., Supp. 1977) describes those acts which constitute a legal basis for conviction for reckless driving. When the trial court made its findings regarding the reckless driving charge, several possible bases for the conviction were listed: speeding, driving over the grassy strip, driving with reckless disregard for the safety, property or rights of others. The trial judge then entered upon the record a fairly detailed discussion of Halligan's part in the high speed chase. Using the felony murder rule as an analogy, the trial court held that Halligan had set a course of events into action by his reckless driving.

> "I think what happened to the Seng vehicle, and the danger placed on the others, combined with the speed of both vehicles, the entire incident taken as a whole, that it constitutes reckless driving. Although Mr. Halligan's direct actions, and I want the record to show that clearly, his direct actions may not have placed others in danger with the exception of his speed, which is also a violation of the reckless driving charge. I don't want the record to indicate that Mr. Halligan drove his vehicle to where he ran trucks off the road or other vehicles. The only thing which he did personally was his own speed which is admitted to on the record. But I am going to find him guilty of reckless driving in this matter. . . ."

Clearly the court was following the law. The fact that the court considered the incident as a whole does not place undue emphasis upon

Seng's state of mind. Moreover, the judge referred, in several separate statements, to Halligan's speed. The conviction of reckless driving is not contrary to law.

*B.   Assault.*

Halligan was convicted of assault, "as lesser included as charged in the information." We must agree with Halligan that assault is not a necessarily included offense of the charged crime of assault and battery.

IC 1971, 25-3.1-1-2(a)(4) (Burns Code Ed.) provides that the information shall be in writing and allege the commission of a crime by setting forth the nature and elements of the crimes charged in plain and concise language without unnecessary repetition. The Indiana Constitution and the United States Constitution provided that an accused shall be informed of the charges against him.[3]

IC 1971, 35-1-39-1 (Burns Code Ed.), states that "Upon an indictment or information for an offense consisting of different degrees, the jury may find the defendant not guilty of the degrees charged in the indictment or information, and guilty of any degree inferior thereto or of an attempt to commit the offense." IC 1971, 35-1-39-2 (Burns Code Ed.) adds, "In all other cases, the defendent may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or information."

To have been included in the greater offense, the lesser offense must have been such that it was impossible to commit the greater without first having committed the lesser or if a party was charged with a given crime, he could not have been convicted of another crime of lesser magnitude unless a conviction of the crime charged necessitated proof of *all* the essential elements of the lesser offense, together with the added element which made the difference

---

3.   CONSTITUTION OF INDIANA, Art. 1, § 13: "[T]he accused shall have the right . . . to demand the nature and cause of the accusation against him, and to have a copy thereof. . . ."

CONSTITUTION OF THE UNITED STATES, Amend. 6: "In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation. . . ."

in the two offenses. *See,* IC 1971, 35-8-1A-6(a), Ind.Ann.Stat. § 9-2201b (Burns Code Ed.). *See also Carter v. State* (1972), 155 Ind. App. 10, 291 N.E.2d 109; *Nye v. State* (1971), 256 Ind. 219, 267 N.E.2d 842; *Thomas v. State* (1970), 254 Ind. 600, 261 N.E.2d 588; *Hatfield v. State* (1961), 241 Ind. 225, 171 N.E.2d 259; *House v. State* (1917), 186 Ind. 593, 117 N.E.2d 647.

Halligan was charged with assault and battery; the information was a standard form. "Patrick J. Halligan . . . did then and there unlawfully touch another . . . in a rude insolent and angry manner contrary to the form of the Statute in such cases made and provided, and against the Peace and Dignity of the State of Indiana." The information was sufficient to inform Halligan of the elements of assault and battery. IC 1971, 35-1-54-4, Ind.Ann.Stat. § 10-403 (Burns Code Ed.) defines assault and battery:

> "Whoever in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery, and on conviction, shall be fined not more than one thousand dollars [$1,000], to which may be added imprisonment in the county jail not exceeding six [6] months. . . ."

However, the elements of the separate crime of assault are different. IC 1971, 35-13-4-7, Ind.Ann.Stat. § 10-402 (Burns Code Ed.):

> "Assault. — Whoever, *having the present ability to do so, attempts to commit a violent injury* upon the person of another, is guilty of an assault, and, on conviction, shall be fined in any sum not exceeding five hundred dollars [$500], to which may be added imprisonment in the county jail or in the Indiana State Farm not exceeding six [6] months. . . ." (Emphasis added.)

Because of the "violent injury" element required for assault, assault is not necessarily an included offense of assault and battery.[4] A rude,

---

4. We would agree that assault *may* be an included offense of a charged crime of assault and battery. If the information charging a defendant with assault and battery recites circumstances of a *violent nature,* then it follows that the defendant may be convicted of assault. Certain Indiana cases have made fairly broad statements to the effect that assault is an included offense of assault and battery. After reviewing the factual circumstances in each case, we conclude that assault *was* an included offense in those cases. *See Sullivan v. State* (1957), 236 Ind. 446, 139 N.E.2d 893 (assault is one of the lesser

insolent or angry touching is sufficient to prove assault and battery. Any touching, however slight, may constitute an assault and battery. *Shaw v. State* (1959), 239 Ind. 248, 156 N.E.2d 381; *Hamilton v. State* (1957), 237 Ind. 298, 145 N.E.2d 391; *Scruggs v. State* (1974), 161 Ind. App. 666, 317 N.E.2d 807. "Violent" on the other hand, indicates an extreme, intense, or strong, forceful injury. *See* Black's Law Dictionary and Webster's Seventh New Collegiate Dictionary.

A statement appears in *Allison v. State* (1973), 157 Ind. App. 277, 299 N.E.2d 618, quoting Perkins, Criminal Law, ch. 2, § 2, p. 106 (2nd Ed.), that:

"Although the elements of assault are phrased in a somewhat different manner than those of assault and battery or assault and battery with intent to kill, it has been long recognized that an assault is an attempted battery (assault and battery) and that every battery includes an assault."

*Allison v. State, supra,* at 621. As discussed, *infra,* in footnote four, the facts justified the conclusion reached in *Allison.* However, as a matter of strict statutory construction, we must disagree.[5] Penal statutes are

---

included offenses of voluntary manslaughter); *Allison v. State* (1973), 157 Ind. App. 277, 299 N.E.2d 618 (assault is a lesser included offense of assault and battery with intent to commit murder); *Jarrett v. State* (1975), 166 Ind. App. 19, 333 N.E.2d 794 (assault is an includible lesser offense to the charge of rape). But assault is not a necessarily included offense of assault and battery.

5. An assault *may be* an attempted battery, and a *consummated* criminal battery necessarily includes an attempt, or the assault. It is another matter entirely to say that one is necessarily guilty of attempting violence when no actual battery is shown. In Halligan's case, the trial court found that Halligan's opening of his car door together with the chase constituted grounds for an assault. However, the information was based upon the alleged high speed *collisions,* which the court specifically disbelieved. Halligan was not charged with the assault of which he was convicted.

Perkins, Criminal Law, ch. 2, § 2, p. 114 (2nd Ed.), elucidates:

"An assault is (1) an attempt to commit a battery *or* (2) an intentional placing of another in apprehension of receiving an immediate battery. Furthermore (3) an asssault is included in any *actual* battery." (Emphasis added.)

Halligan was presumably convicted of (2). But, he was never charged with the crime because the information did not contain the element of violence. Threatened *violent injury* would cause apprehension. Perkins, Criminal Law, *supra,* also notes that there must be an *intent* to inflict harm, for, despite appearances to the contrary, there is no assault if there is not a present purpose.

In addition, Halligan's words, "I ought to slap the shit out of you, boy," could be con-

always strictly construed. *Shaw v. State* (1965), 247 Ind. 139, 211 N.E.2d 172 (overruled on other grounds); *Short v. State* (1954), 234 Ind. 17, 122 N.E.2d 82; *Kelley v. State* (1954), 233 Ind. 294, 119 N.E.2d 322.

Halligan should have been apprised of the charge against him; assault is not a necessarily included lesser offense of assault and battery; and the facts alleged in the information do not sufficiently state the elements of assault.[6] Therefore, we conclude that Halligan's conviction for assault was improper; that conviction must be reversed.

## IV.

### Insufficiency

Halligan argues that neither conviction was supported by sufficient evidence. Due to our resolution of the assault conviction, we will not further address that issue.

Halligan testified at trial. He and other defense witnesses specifically averred that he was speeding, that he left the street and drove across a grassy strip to reach the parking lot, that he was attempting to catch the Seng car, and that he knew the occupants of the Seng vehicle though he was chasing them. In fact, Halligan stated that he had hoped that "if they think I'm chasing them there [*sic*] going to go by there [where a State patrolman was posted] and that's going to be just as good as an apology if they get a ticket. . . ."

---

strued as a *conditional* offer of violence, and would not constitute an assault or an attempted battery. *See* Perkins, Criminal Law, ch. 2, § 2, pp. 131-132.

It has been said that the display of force or menace of violence, in assault, must be such as to cause the reasonable apprehension of immediate bodily harm. *See* R. Donnelly, J. Goldstein, R. Schwartz, Criminal Law (1962), p. 532.

6.  Under the Indiana Penal Code, there is no crime of assault. There is only attempted battery; the crime designated assault and battery has been replaced by the offense of battery. *See* Ind. Code Ann. § 35-42-2-1 (West 1978) (Indiana Criminal Law Study Commission Comments):

"It should be noted there is no crime of assault in the proposed Code. Because the Code has a general attempt crime, IC 35-11.1-8-1, the Commission believed it redundant to include the specific crime of assault which is nothing more than an attempted battery. Therefore, all assaults should be prosecuted as attempted batteries."

The elements of attempt to commit a *violent* injury has thus been eliminated.

Evidence was sufficient to support a conviction for reckless driving under IC 1971, 9-4-1-54(c), Ind.Ann.Stat. § 47-2001 (Burns Code Ed., Supp. 1977). The trial court's finding, that "the entire incident taken as a whole . . . constitutes reckless driving" is supported by the evidence.

## V.

### Hearsay

The trial court admitted evidence which referred to an alleged statement which had been made by a passing truck driver. The truck driver was not available for cross-examination, and Halligan objected to the evidence. The truck driver's statements, as repeated by Seng, were not crucial to Halligan's conviction for reckless driving. And, as we have reversed the assault conviction, we do not believe that the admission of the hearsay statement was harmful error.

## VI.

### Misconduct During Sentencing

Halligan maintains that he was prejudiced by certain comments which were made by the probation officer. Halligan asserts that the probation officer prepared the presentence report, relying upon statements from the prosecutor's office, in a manner intentionally biased in favor of the State.

IC 1971, 35-8-1A-10 (Burns Code Ed.) provides that the presentence investigation and report may include any matter which the probation officer deems relevant to the question of sentence. This implies broad discretion as to content. The sentence was the maximum allowed under the statute, but the trial court ordered that it was to be served on a work-release program. The court stated, "I'm doing best to protect the defendant's family, as well as the interest of society in this matter." We do not see any abuse of discretion in sentencing. The judge who heard all of the evidence in the trial, read the presentence report, listened to Halligan's objections, and presided at the sentencing hearing was in the best position to determine the penalty which should be imposed.

Since the sentences imposed on each charge were identical, and were to be served concurrently, our reversal on the conviction of assault does

not affect the sentence to be served on the reckless driving conviction. The cause is affirmed in part and reversed in part.

Garrard, P.J., Concurs;

Lowdermilk, J. (By designation), Concurs.

NOTE—Reported at 375 N.E.2d 1151.