Riley, Judge dissenting
[21] I respectfully dissent from the majority's decision to reverse the trial court's decision and to revoke A.P.'s bail agent license based on his conviction for a Class A misdemeanor. While I agree with the majority that the main issue focuses on whether a Class A misdemeanor battery includes an element of violence, I reach the opposite result.
[22] The Commissioner is authorized to revoke a bail agent license if the bail agent is convicted of a "disqualifying offense." See I.C. § 27-10-3-8(d). A disqualifying offense is defined as either a felony or "[a] misdemeanor if an element of the offense involves dishonesty, violence, or a deadly weapon." I.C. § 27-10-1-6 (emphasis added). Accordingly, because A.P. was convicted of a Class A misdemeanor, the revocation of his license would only be justified if "an element of the offense [included] dishonesty, violence, or a deadly weapon." I.C. § 27-10-1-6. Turning to the elements of a Class A misdemeanor battery, the legislature has defined the offense as:
A person who knowingly or intentionally:
(b) (1) touches another person in a rude, insolent, or angry manner; or (2) in a rude, insolent, or angry manner places any bodily fluid or waste on another person; commits battery, a Class B misdemeanor.
(c) the offense described in subsection (b)(1) or (b)(2) is a Class A misdemeanor if it results in bodily injury to any other person.
I.C. § 35-42-2-1(B)(c). "Bodily injury" requires a finding of "any impairment of physical condition, including physical pain." I.C. § 35-31.5-2-29. Therefore, as the elements of a Class A misdemeanor battery include a finding of 'bodily injury' amounting to 'physical pain' but is silent as to an element of 'violence,' I conclude that a Class A misdemeanor battery is not a disqualifying offense for the purpose of revoking A.P.'s bail agent license. See, e.g. , Halligan v. State , 176 Ind.App. 463, 375 N.E.2d 1151, 1156-1157 (1978) (distinguishing the elements of battery from a violent injury and finding that "[v]iolent, on the other hand, indicates an extreme, intense, or strong, forceful injury"). I would affirm the trial court's decision.