(Nos. 51467, 51468, 51504 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. ROBERT PARKINS *et al.*, Appellees.—THE
PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. LINDA ROSS, Appellee.

*Opinion filed October 19, 1979.*

254

MORAN, J., dissenting.

William J. Scott, Attorney General, of Springfield, and Daniel D. Doyle, State's Attorney, of Rockford (Donald B. Mackay and Melbourne Noel, Assistant Attorneys General, of Chicago, and Phyllis J. Perko and Barbara A. Preiner, of the State's Attorneys Appellate Service Commission, of Elgin, of counsel), for the People.

Mary Robinson, Deputy Defender, and Elizabeth E. Clarke, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellees.

William J. Scott, Attorney General, and C. Joseph Cavanagh, State's Attorney, both of Springfield (Donald B. Mackay and Melbourne Noel, Jr., Assistant Attorneys General, of Chicago, and Phyllis J. Perko and Barbara A. Preiner, of the State's Attorneys Appellate Service Commission, of Elgin, of counsel), for the People.

John Gray Noll, of Springfield, for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

In causes numbered 51467 and 51468 the People appealed from the judgments of the circuit court of Winnebago County entered upon allowance of the motion to dismiss filed by defendants Robert Parkins and Linda Parkins, charged in a single complaint with the offense of harassment by telephone in violation of section 1—1 of "An Act *** to prevent harassment by the use of telephone communications ***" (the Act) (Ill. Rev. Stat. 1977, ch. 134, par. 16.4—1(2)). In cause No. 51504 the People appeal from the judgment of the circuit court of Sangamon County, entered upon allowance of the motion of defendant Linda Ross to dismiss similar charges. In each instance the circuit court held the statute unconstitutional and the People have appealed pursuant to Rule 302(a)(1) (58 Ill. 2d R. 302(a)(1)). The cases were consolidated in this court.

Section 1—1 of the Act in pertinent part provides:

"Harassment by telephone is use of telephone communication for any of the following purposes:

     *   *   *

(2) Making a telephone call, whether or not conversation ensues, with intent to abuse, threaten or harass any person at the called number; ***." Ill. Rev. Stat. 1977, ch. 134, par. 16.4—1(2).

Defendants contend that, when a statute "which is susceptible of application to conduct protected by the First Amendment presents the danger of a 'chilling effect,'" it is unconstitutionally overbroad. They argue that the "telephone harassment statute is impermissibly vague because no standard of conduct is specified."

The People submit that "To the extent that the telephone harassment statute might be susceptible to unconstitutionally overly broad interpretation, any such

problem may be cured by the imposition by the courts of this State of a limiting construction on the statute." The People urge this court to give effect to the "clear language of the statute" and hold that the statute, as it currently exists, only applies to telephone calls made "in an unreasonable manner." Further, the People contend that the statute is not vague in giving notice of exactly what conduct is prohibited, and that the language of the subsection is sufficiently specific to allow those charged with enforcing the law to avoid discriminatory enforcement.

In *People v. Klick* (1977), 66 Ill. 2d 269, this court held unconstitutional as overbroad section 26.1(a)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 26.1(a)(2)), which in pertinent part provided:

> "(a) A person commits disorderly conduct when he knowingly:
> \*\*\*
> (2) With intent to annoy another, makes a telephone call, whether or not conversation thereby ensues; \*\*\*."

Subsequent to the filing of our opinion in *Klick,* the General Assembly enacted the statute upon which these cases are based. Pub. Act 80–795, passed June 26, 1977, approved September 18, 1977.

In *People v. Schwartz* (1976), 64 Ill. 2d 275, considering the contentions that the statute there involved was vague and overbroad the court said:

> "A criminal statute violates the requirement of due process of law if it fails to adequately give notice as to what action or conduct is proscribed. (*People v. Vandiver* (1971), 51 Ill. 2d 525.) Impossible standards of specificity, however, are not required. (*Jordan v. DeGeorge* (1951), 341 U.S. 223, 231, 95 L. Ed. 886, 71 S. Ct. 703; *People v. Dednam* (1973), 55 Ill. 2d 565.) As

stated by Mr. Justice Marshall, 'Condemned to the use of words, we can never expect mathematical certainty from our language.' (*Grayned v. City of Rockford* (1972), 408 U.S. 104, 110, 33 L. Ed. 2d 222, 228-29, 92 S. Ct. 2294.) When called upon to decide a vagueness question, a court will assume, absent contrary legislative intent, that the words of the statute have their ordinary and popularly understood meanings. (*Farrand Coal Co. v. Halpin* (1957), 10 Ill. 2d 507, 510.) In addition to the language used, consideration is given to the legislative objective and the evil the statute seeks to remedy. (*People v. Dedham* (1973), 55 Ill. 2d 565.) A statute enjoys a presumption of constitutionality. *Livingston v. Ogilvie* (1969), 43 Ill. 2d 9, 12.

\* \* \*

A statutory enactment, though sufficiently clear and precise to withstand a vagueness attack, may nevertheless be impermissibly overbroad if it may reasonably be interpreted to prohibit conduct which is constitutionally protected. (*Grayned v. City of Rockford* (1972), 408 U.S. 104, 33 L. Ed. 2d 222, 92 S. Ct. 2294.)" 64 Ill. 2d 275, 280-82.

The determination of the legislative intent in requiring proof of the intent "to abuse, threaten or harass" rather than as in the earlier statute, the intent "to annoy," would appear, appropriately, to invoke the maxim *noscitur a sociis.* As the Supreme Court observed in *Jarecki v. G. D. Searle & Co.* (1961), 367 U.S. 303, 307, 6 L. Ed. 2d 859, 869, 81 S. Ct. 1579, 1582, "The maxim *noscitur a sociis,* that a word is known by the company it keeps, while not an inescapable rule, is often wisely applied where a word is capable of many meanings in order to avoid the giving of unintended breadth to the Acts of Congress." Thus the

words "abuse" and "harass" take color from the word "threaten" and acquire more restricted meanings.

In *People v. Raby* (1968), 40 Ill. 2d 392, the court considered the validity of section 26—1(a) of the Criminal Code of 1961, which in pertinent part provided:

> "A person commits disorderly conduct when he knowingly:
> (1) Does any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace \*\*\*." (Ill. Rev. Stat. 1967, ch. 38, par. 26—1.)

In discussing the statute, and holding it valid, the court said:

> "It is true that section 26—1(a) does not attempt to particularize all of the myriad kinds of conduct that may fall within the statute. The legislature deliberately chose to frame the provision in general terms, prompted by the futility of an effort to anticipate and enumerate all of the methods of disrupting public order that fertile minds might devise." (40 Ill. 2d 392, 396.)

We find the foregoing comment apposite. We hold that the statute is neither vague nor overbroad and the judgments are, therefore, reversed.

*Judgments reversed.*

MR. JUSTICE MORAN, dissenting:

In *People v. Klick* (1977), 66 Ill. 2d 269, this court held a similar statute overly broad for failure to set forth objective standards by which to evaluate the conduct proscribed. The present statute has merely added new words, but, in my opinion, fails to set forth any objective standard. Here, as in *Klick*, the State asks that we supply the standard by holding that the present enactment applies only to telephone calls made "in an unreasonable manner." In *Klick*, we declined the invitation but clearly set forth the corrective measures that the legislature could

follow to avoid the present problem. The legislature having failed to implement those corrective measures, the new enactment suffers from the same malady: it is overly broad. It is my feeling that the new verbiage provides no more objective standards than the old statute, and that the majority, by its opinion, has effectively overruled the decision in *Klick*