THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ELLEN M. PISANI, Defendant-Appellant.
Second District   No. 2—88—0272

Opinion filed March 20, 1989.

Harlovic & Perko, of West Dundee (Phyllis J. Perko, of counsel), for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, and Eleesha Pastor O'Neill, of Chicago, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

After trial by jury, defendant, Ellen M. Pisani, was convicted of two counts of the offense of harassment by telephone (Ill. Rev. Stat. 1985, ch. 134, par. 16.4—1(2)) and was sentenced to concurrent one-year terms of supervision and fines of $500 on each count. Defendant's post-trial motions in arrest of judgment and for a new trial were denied, and she appeals, contending that the complaint and information in which these charges were made were fatally defective as they did not sufficiently inform defendant of the offense charged. We affirm.

In the criminal complaint, it was alleged that on May 9, 1986, defendant, Ellen M. Pisani, committed the offense of harassment by telephone in violation of section 1—1(2) of "An Act to prohibit the use of telephone *** lines for the sending of certain messages ***" (Code) (Ill. Rev. Stat. 1985, ch. 134, par. 16.4—1(2)) in that defendant, "with the intent to · harass, used telephone communications for the purpose of harassing John Polo." In the information which was filed as to the other offense, it was alleged that on May 8, 1986, defendant committed the offense of harassment by telephone in that, "Ellen M. Pisani, with the intent to harass, made and used telephone communications for the purpose of harassing John Polo at the called number No. 960-5857," in violation of section 1—1(2) of the Code (Ill. Rev. Stat. 1985, ch. 134, par. 16.4—1(2)).

Defendant argues that, as the charging instruments merely use the statutory language of the harassment by telephone statute, they do not meet the notice requirements of due process as the charges fail

to particularize the criminal conduct involved.

■■ When reviewing the sufficiency of a charging instrument which has been challenged by a motion in arrest of judgment (Ill. Rev. Stat. 1985, ch. 38, par. 116—2), the court must determine whether the complaint or information comports with the statutory requirements that the charge be in writing and that it state the name of the offense, the statutory provision alleged to have been violated, and the nature and elements of the offense pursuant to the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, pars. 111—3(a)(1), (a)(2), (a)(3); *People v. Easter* (1981), 102 Ill. App. 3d 974, 977, 430 N.E.2d 612). Where the sufficiency of a charge is attacked by a motion in arrest of judgment, the standard for determining whether the information is deficient is whether the elements of the offense as outlined in the statute are set out in the information. If so, the information is sufficient to allow defendant to prepare her defense and to serve as a bar to future prosecution arising from the same conduct. (*People v. Testa* (1983), 114 Ill. App. 3d 695, 700, 449 N.E.2d 164.) To determine whether these standards have been met, reference must be made to the plain and ordinary meaning of the words of the charging instrument as read and interpreted by a reasonable person. *People v. Hayes* (1979), 75 Ill. App. 3d 822, 824, 394 N.E.2d 80.

■■ Defendant argues that by failing to include a description of the criminal act, the complaint and information here failed to particularize the criminal conduct involved. However, the charging instruments state defendant used the telephone to harass plaintiff on specific dates. In upholding the constitutionality of the telephone harassment statute, the supreme court concluded that by applying the maxim *noscitur a sociis* (a word is known by the company it keeps), the words "abuse" and "harass" take color from the word "threaten" and acquire more restricted meanings. *People v. Parkins* (1979), 77 Ill. 2d 253, 257-58, 396 N.E.2d 22, *cert. denied* (1980), 446 U.S. 901, 64 L. Ed. 2d 254, 100 S. Ct. 1825.

Defendant makes reference to cases where a charging instrument was determined to be defective even though following the language of the statute where it failed to particularize criminal conduct. However, the cases cited deal with offenses such as perjury, communicating with a juror, reckless conduct, disorderly conduct and obstructing justice, where conduct is only generally described in the statute and requires clarification in the charging instrument (see *People v. Lyda* (1975), 27 Ill. App. 3d 906, 912, 327 N.E.2d 494 (indictment for obstructing justice by destroying physical evidence without describing the physical evidence was held to be insufficient)) or where specific words must be

communicated (see *People v. Yarbrough* (1987), 162 Ill. App. 3d 748, 750, 516 N.E.2d 607 (indictment for communicating with a juror insufficient where it did not allege the communication)). The statute here does not require the communication of specific words and provides that a violation may occur "whether or not conversation ensues." (Ill. Rev. Stat. 1985, ch. 134, par. 16.4—1(2).) There is no requirement that the charging instruments specify the exact means by which this conduct was carried out. *People v. Wisslead* (1985), 108 Ill. 2d 389, 397, 484 N.E.2d 1081.

The charging instrument is not the sole means of informing a defendant about particulars concerning his case. In the case at hand, defendant conducted extensive pretrial discovery, and, in rejecting defendant's argument at post-trial proceedings, the trial judge noted that defense counsel was fully aware of alleged statements made by defendant and of the number of witnesses called. The judge also noted that if defendant desired additional specific information, she could have moved for a bill of particulars (Ill. Rev. Stat. 1985, ch. 38, par. 111—6), although a bill of particulars would not cure an otherwise void charge. *People v. Wisslead* (1985), 108 Ill. 2d 389, 397, 484 N.E.2d 1081.

As the indictment and information apprising defendant of the offense charged comported with statutory requirements in outlining the elements of the offense and were sufficiently specific to enable her to prepare her defense and to allow for pleading of the judgment as a bar to future prosecution arising from the same conduct, they were sufficient to withstand defendant's motion in arrest of judgment.

■ Next, defendant argues that the jury instructions for telephone harassment were defective as they failed to describe any criminal act or conduct, a material element of the offense. The definitional instruction to the jury was:

"A person commits the offense of harassment by telephone when she makes a telephone call, whether or not conversation ensues, with the intent to abuse, threaten, or harass any person at the called number." (Illinois Pattern Jury Instructions, Criminal, No. 19.05 (2d ed. 1981).)

The issues instruction given to the jury read:

"To sustain the charge of harassment by telephone, the State must prove the following propositions: First: That the defendant used a telephone; and Second: That the defendant did so for the purpose of making a telephone call, whether or not conversation ensued, with the intent to abuse, threaten, or harass any person at the called number." Illinois Pattern Jury Instruc-

tions, Criminal, No. 19.06 (2d ed. 1981).

No objection was made at trial to these instructions, and defendant did not offer any alternative instructions to the trial court. The failure to object at trial to a claimed error in jury instructions waives the question, and a party may not raise on appeal the failure to give an instruction unless he tendered it at trial. (*People v. Huckstead* (1982), 91 Ill. 2d 536, 543, 440 N.E.2d 1248.) However, defendant argues that the instructions did not describe any criminal act or conduct and resulted in a failure to define a material element of the offense which constitutes plain error, an exception to the waiver rule, requiring our consideration and reversal. (*People v. Ogunsola* (1981), 87 Ill. 2d 216, 222, 429 N.E.2d 861.) Rule 451(c) provides:

> "[S]ubstantial defects [in instructions in criminal cases] are not waived by failure to make timely objections thereto if the interests of justice require." (107 Ill. 2d R. 451(c).)

Our supreme court has emphasized the limited nature of the plain-error exception to the waiver rule. It is restricted to the correction of "grave errors" or to situations where the case is close factually and fundamental fairness requires that the jury be properly instructed. *People v. Huckstead* (1982), 91 Ill. 2d 536, 544, 440 N.E.2d 1248.

Defendant argues that the failure of the instructions to describe any criminal act or conduct allowed the jury to convict for a reasonable noncriminal use of the telephone. However, the instructions did not state that the mere making of a telephone call was enough to convict defendant of the charges, as defendant argues. Rather, the instructions informed the jury that to convict defendant of harassment by telephone, it had to find that she used a telephone for the purpose of making a telephone call, whether or not conversation ensued, with the intent to abuse, threaten, or harass any person at the called number. The instructions given do not constitute error affecting the fundamental fairness of the trial, and we conclude that they adequately informed the jury of both the nature of the criminal act and the elements necessary to support a conviction.

■ Evidence was admitted that telephone traps traced telephone calls which came from defendant's line and were placed to plaintiff's residence. Defendant argues that there was not a proper foundation for admission of this evidence.

In *People v. Holowko* (1985), 109 Ill. 2d 187, 191-92, 486 N.E.2d 877, the court held that the computerized telephone "trap" records printout is not hearsay evidence but represents a self-generated record of its operation. Admission of such records into evidence requires only foundational proof of the method of the recording of the informa-

tion and the proper functioning of the device by which it was effected.

In the case at hand, to support introduction of the records of the telephone traps, the State called Karen Williams, an employee of Illinois Bell Telephone Company, who, since July 1, 1986, had been employed as keeper of records of the company as the security representative. Williams testified that she had worked with annoyance calls as a service representative, as a supervisor, as an assistant manager, and as a manager for 20 of the 23 years she had been employed at Illinois Bell. She also testified that, when a customer complains of receiving harassing calls, a trained service representative sets up a telephone trap, which works as follows:

"Then, in the office, it provides a dial tone which technically causes the machine to error and keep all incoming calls to your number on recall at a subsequent date. When you get a telephone call that you have identified to be harassing, you then call the next business day, if necessary, tell that annoyance call specialist, hey, I got a call last night at 10 o'clock. She then goes back to the technicians and says, all right, on this number I am looking for a call at 10 o'clock p.m. last night. A technician interrogates the computer providing dial tone, and it will come back with the call or calls that came in."

The telephone company then receives a document that on a specified day one telephone number dialed another telephone number and provides the time that call was connected.

Williams further testified as to the contents of People's exhibit No. 1-A, a computer printout generated as a result of the trap and trace and the report of dates and times from the customer kept in the regular and ordinary course of business by Illinois Bell. The computer printout showed that on May 8 there was a call at 23:02, or 11:02 p.m. and 46 seconds, when telephone number 312-964-6519, listed for Ellen Pisani at 430 69th Street in Darien, dialed 312-960-5857, the complainant's number, and on May 9th at 16:40 or 4:40 p.m. and 16 seconds, telephone number 312-964-6519 dialed 312-960-5857.

■ No objection to the foundation was made by defendant at the time these records were offered and admitted in evidence. Generally, failing to object at trial operates as a waiver of consideration of the issue on appeal. (*People v. Carlson* (1980), 79 Ill. 2d 564, 576, 404 N.E.2d 233.) In the absence of an objection, a court of review may consider the issue if it amounts to "plain error." (107 Ill. 2d R. 615(a).) However, plain error in failing to object is a limited exception, applied to correct "grave errors," or where the case is close factually and the trial error is so prejudicial that it amounts to a denial of real

justice. (*People v. Smith* (1981), 93 Ill. App. 3d 26, 33, 416 N.E.2d 814.) Based upon review of the record, we do not find that admission of the computer-generated telephone traps may be characterized as plain error, and the foundational issue was waived by defendant's failure to object.

■ Finally, defendant contends that she was deprived of effective assistance of counsel under the test announced in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052. In determining whether defendant has made a case for ineffective assistance of counsel, *Strickland* advances a two-component standard: first, the defendant must prove counsel's representation fell below an objective standard of reasonableness such that the trial results were unreliable; and second, the defendant must prove that the attorney's conduct prejudiced him so that but for the attorney's unprofessional errors, the results of the trial would have been different. *Strickland v. Washington*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.

■ Defendant alleges that the trial counsel was incompetent based on counsel's questioning of defendant during direct examination and counsel's concession during closing arguments that the company's computer trap records were accurate. Counsel's questioning of defendant and statements made during closing arguments are points of trial strategy which, in this case, do not establish incompetence and are not subject to review. (*People v. Gaines* (1984), 105 Ill. 2d 79, 95, 473 N.E.2d 868.) Trial performance is not to be judged by a hindsight perspective. *Strickland v. Washington*, 466 U.S. at 689, 80 L. Ed. 2d at 694, 104 S. Ct. at 2065.

Defendant's present attorney states she would have handled the case differently by introducing an expert witness on telecommunications and, therefore, would not have conceded the accuracy of the telephone trap records in closing arguments. Regarding the accuracy of the trap records, defendant argues that trial counsel should have hired a communications expert to testify that someone else could have tapped into defendant's line and caused the harassing telephone calls to be made and registered to defendant's telephone. Defendant did authorize payment of funds for an expert witness, but her trial counsel did not hire an expert. In an affidavit presented with her post-trial motion, defendant points to the deposition of a person working in the telephone-communications field who suggested there was a possibility of invading a telephone terminal box, making it appear that calls had been placed from one residence to another. However, this record does not establish that such testimony would have created a reasonable

doubt indicative of a reasonable probability that the outcome of the trial would have been different had there not been the alleged ineffective assistance of counsel. (*People v. Wright* (1986), 111 Ill. 2d 18, 30, 488 N.E.2d 973.) We do not find that defendant was deprived of effective assistance of counsel.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

DUNN and REINHARD, JJ., concur.