# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 04-1536

ANDREJ SZUCZ-TOLDY,

*Petitioner,*

v.

ALBERTO GONZALES, United States
Attorney General,

*Respondent.*

_____

On Petition for Review of an Order
of the Board of Immigration Appeals.
No. A19 268 790

_____

ARGUED JANUARY 26, 2005—DECIDED MARCH 11, 2005

_____


Before POSNER, MANION, and WOOD, *Circuit Judges.*

PER CURIAM. Andrej Szucz-Toldy, a native of the former
Czechoslovakia and a citizen of Slovakia, petitions for re-
view of the BIA's determination that his Illinois conviction
for "harassment by telephone" is a crime of violence and,
hence, an aggravated felony that subjects him to removal.
We grant the petition, vacate the underlying decision, and
remand for further consideration.

In April 2003, Szucz—who has lived in the United States
since 1973 and has been a lawful permanent resident since

1981—pleaded guilty to a single count of harassment by telephone under 720 ILCS § 135/1-1(2). That provision prohibits "[m]aking a telephone call, whether or not conversation ensues, with intent to abuse, threaten or harass any person at the called number." Szucz was sentenced to 30 months' imprisonment. In July 2003 immigration authorities issued a Notice to Appear, asserting that Szucz was subject to removal under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony. "Aggravated felony" is defined in 8 U.S.C. § 1101(a)(43)(F) to include any crime of violence (as defined by 18 U.S.C. § 16) for which the term of imprisonment is at least one year. Section 16, in turn, defines a crime of violence as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Before the IJ, Szucz argued that he had not been convicted of a crime of violence. He contended that § 16(a) is concerned only with the generic elements of the harassment-by-telephone offense, which, he submitted, do not include physical force or the threat of force. Szucz also argued that his conviction is not a crime of violence under § 16(b), submitting that the inquiry under that provision is similarly confined to the elements of the predicate offense. The immigration authorities responded by arguing in general terms that the IJ was not restricted to examining the elements of 720 ILCS § 135/1-1(2) but instead could look to the indictment, which alleges that Szucz had "threatened the life" of his victim.

The IJ concluded that Szucz's harassment conviction is a crime of violence under § 16(a). The IJ stated that the statutory language of 720 ILCS § 135/1-1(2) is "divisible" because harassing another would not be a crime of violence, but threatening another might be. He therefore looked behind the statute to the indictment, where he learned of Szucz's death threat. The IJ concluded that "threatening the life of another person is a crime of violence under 18 U.S.C. Section 16(a) because it involves the threatened use of physical force against another person."

Szucz appealed to the BIA, arguing that his conviction is not a crime of violence under § 16(a) because the Illinois statute has only two elements—making a telephone call, and doing so with the intent to abuse, threaten, or harass—neither of which requires using or threatening to use force. He also brought to the Board's attention our newly issued decision in *Flores v. Ashcroft*, 350 F.3d 666 (7th Cir. 2003), which, he said, confirmed that § 16(a) is analyzed under an elements-only approach. In addition, Szucz changed tack regarding § 16(b) and argued that harassment by telephone is not a crime of violence under that provision because there is no substantial risk of physical force during the commission of the offense, since presumably a telephone caller is by nature physically removed from the victim. *See United States v. Lane*, 252 F.3d 905, 907 (7th Cir. 2001); *United States v. Chapa-Garza*, 243 F.3d 921, 927 (5th Cir. 2001). The immigration authorities responded with a one-paragraph argument that the IJ's opinion was "exhaustive" and thus "it would serve no purpose to repeat all the facts and cases cited in that opinion." The BIA summarily affirmed the IJ's order, making no mention of *Flores*, and Szucz timely filed this petition.

The government argues that the petition must be dismissed for lack of jurisdiction, observing that federal courts

are without jurisdiction to review a final order of removal of an aggravated felon, 8 U.S.C. § 1252(a)(2)(C). Yet the government concedes that we retain jurisdiction to determine whether Szucz has in fact committed an aggravated felony.[1] *See Gill v. Ashcroft*, 335 F.3d 574, 575 (7th Cir. 2003). Thus the jurisdictional question and the merits collapse into a single issue for review.

Szucz contends that his conviction for harassment by telephone is not a crime of violence, and therefore, not an aggravated felony. He renews his argument that the IJ disregarded the plain language of § 16(a) by examining not only the elements of 720 ILCS § 135/1-1(2) but also his actual behavior as alleged in the indictment. Szucz argues that the only salient question under § 16(a) is whether § 135/1-1(2) contains *as an element* the use or threatened use of physical force, and contends that it does not. The government responds that the IJ was not limited to examining the elements of the statute, and instead properly looked to the indictment in determining whether Szucz had been convicted of a crime of violence. In support, it cites to several cases decided under § 16(b).

*Flores* is the most relevant precedent to the parties' disagreement, and it forecloses the government's argument. In that case, we held that an Indiana conviction for misdemeanor battery was not a crime of violence under § 16(a), rejecting the government's position that the court should look to the defendant's actual conduct—attacking and beating his wife—rather than the elements of the predicate offense. 350 F.3d at 672. We noted that, because § 16(a)

---

[1] In appeals like this one, the government need not waste time contesting our jurisdiction when it is clear that we retain jurisdiction over the question of whether the predicate offense is in fact an aggravated felony.

requires the offense to include "as an element" force or the threat of force, the proper inquiry is whether the crime as charged, rather than as committed, is a crime of violence. *Id.* at 670. We conceded that where a statute defines as a single felony some acts that constitute crimes of violence and some that do not, courts may need to examine some aspects of the defendant's actual behavior in order to determine what exactly he was convicted of. *Flores*, 350 F.3d at 670 (citing *United States v. Howze*, 343 F.3d 919, 923 (7th Cir. 2003) (looking to charging papers under parallel provision to § 16(b) to determine if defendant had been convicted of theft under branch of statute prohibiting stealing from live person (a crime of violence) or from a grave or coffin (which is not)). Nevertheless, we emphasized that when classifying an offense under § 16(a) "the inquiry begins and ends with the elements of the crime." *Id.* at 671; *cf. Singh v. Ashcroft*, 386 F.3d 1228, 1231 (9th Cir. 2004) (stating that, for purposes of § 16(a), an "element" is a constituent part of the predicate offense that must be proven in every case to sustain a conviction); *United States v. Franklin*, 302 F.3d 722, 723 (7th Cir. 2002) (noting that under 18 U.S.C. § 924(e)(2)(B)(i)'s definition of "violent felony," which is nearly identical to § 16(a)'s definition of crime of violence, if force or threat of force is not required to sustain conviction, then offense is not a violent felony).

The Illinois harassment-by-telephone statute has two elements: (1) making a telephone call (2) with the intent to abuse, threaten, or harass someone at the called number. *See People v. Jones*, 778 N.E.2d 234, 237 (Ill. App. Ct. 2002); *People v. Pisani*, 536 N.E.2d 247, 251 (Ill. App. Ct. 1989) (construing 134 Ill. Rev. Stat. § 16.4-1(2), the identical predecessor to 720 ILCS § 135/1-1(2)). The statute prohibits making a telephone call with a certain intent, not the specific words that the caller may or may not eventually utter, such as a threat or

words of abuse. *People v. Taylor*, 812 N.E.2d 759, 764 (Ill. App. Ct. 2004). The actual words the caller uses are significant only insofar as they elucidate his intent when placing the call. *Id.*

Therefore, to sustain a conviction under the harassment by telephone statute, it is not necessary to prove the use or threatened use of physical force. It is clear from the Illinois decisions cited above that the state need not prove the existence of a threat; the state need only establish that there was a phone call, and that the caller had the requisite intent. *See*, *e.g.*, *Pisani*, 536 N.E.2d at 249 (involving intent to harass rather than to threaten). Furthermore, although the Illinois caselaw applying § 135/1-1(2) and its predecessor statute is relatively sparse, nothing in the cases suggests that the only threats punishable under the statute are threats of physical force. *See* Pet'r's Br. 10-11 (discussing range of threats punishable in Illinois, including threats to malign or slander, to initiate criminal proceedings, and to bring about a boycott or strike). Thus, the Illinois statute is distinct from statutes that expressly prohibit "threatening to kill" or "threatening to injure," which courts have consistently found to be crimes of violence under § 16(a) and its parallel provision in the sentencing guidelines, U.S.S.G. § 4B1.2(a)(i). *See United States v. McCaleb*, 908 F.2d 176, 178 (7th Cir. 1990) (threatening to kill President in violation of 18 U.S.C. § 871 is crime of violence under former guideline definition that incorporated § 16(a)); *see also Rosales-Rosales v. Ashcroft*, 347 F.3d 714, 717 (9th Cir. 2003) (California conviction for making terroristic threats is crime of violence because a statutory element is threatening to commit crime that will cause "death or great bodily injury"); *Bovkun v. Ashcroft*, 283 F.3d 166, 170 (3d Cir. 2002) (conviction under statute making it a crime to threaten "to commit any crime of violence" is crime of violence under § 16(a)); *United States v.*

*Santos*, 131 F.3d 16, 21 (1st Cir. 1997) (threatening to kill President is crime of violence under guideline definition with nearly identical language to § 16(a)); *United States v. Bonner*, 85 F.3d 522, 527 (11th Cir. 1996) (threatening to "assault, kidnap, or murder, a United States official" is crime of violence under same guideline definition); *United States v. Left Hand Bull*, 901 F.2d 647, 649 (8th Cir. 1990) (conviction under 18 U.S.C. § 876 for threatening "to injure the person of the addressee or of another" is crime of violence under former guideline definition that incorporated § 16(a)).

The government misses the mark by insisting that the facts alleged in the indictment demonstrate that Szucz committed a crime of violence under § 16(a). As Szucz argues, the particular method by which he violated the telephone harassment statute has no bearing whatever on whether one of the elements of that statute is the use or threatened use of force. Therefore, the IJ had no reason to look to the indictment and examine the facts alleged there. *See United States v. Martinez-Mata*, 393 F.3d 625, 628-29 (5th Cir. 2004); *United States v. Fulford*, 267 F.3d 1241, 1250-51 (11th Cir. 2001); *United States v. Smith*, 171 F.3d 617, 620-21 (8th Cir. 1999).

Given that § 16(a) is inapposite, it would seem that the next logical step would be to explore whether Szucz was convicted of a crime of violence under § 16(b). But both parties assert that this question is not before the court at this time. We therefore hold only that the IJ erred by concluding that harassment by telephone is a crime of violence under § 16(a); the Board on remand may consider whether any analysis under § 16(b) is appropriate.

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*